IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LEE D. MARTIN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| INSPIRE CLOSING SERVICES OF TEXAS, LLC | § | CIVIL ACTION NO.: _____ |
| | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Lee D. Martin ("Plaintiff" or "Martin"), complains of Defendant Inspire Closing Services of Texas, LLC, ("Defendant" or "Inspire"). For causes of action Plaintiff shows the Court as follows:

**I.**

**INTRODUCTION**

1.01   Defendant wrongfully fired Plaintiff from his job in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (the "FMLA"). Defendant also discriminated and retaliated against Plaintiff, harassed Plaintiff and subjected Plaintiff to a hostile environment based upon disability in violation of the Americans With Disabilities Act, as amended 42 USC § 12101 et seq and the Civil Rights Act of 1964, as amended.

## II.

## PARTIES

2.01    Lee D. Martin is an individual who is a citizen of the State of Texas and is a resident of this judicial district in Texas. Plaintiff can be contacted in care of her undersigned counsel.

2.02    Defendant Inspire Closing Services of Texas, LLC ("Defendant" or "Inspire") is a domestic limited liability company which was operating in Texas and can be served through its agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.

## JURISDICTION AND VENUE

3.01    Pursuant to 28 U.S.C. §1331, jurisdiction lies in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, including violations of the ADAAA.

3.02    Venue for Plaintiff's causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. §1391.

3.03    Venue is proper as Plaintiff lives in this district, the events took place in this judicial district, and the Defendant does business in this judicial district.

### IV.

### **FACTUAL ALLEGATIONS**

4.01   Plaintiff was hired by Defendant on November 15, 2020 as a Title Clearance Coordinator.

4.02   In October 2021, Plaintiff was diagnosed with cancer.

4.03   Plaintiff's doctor told him that he was at Stage 4 and would have to be treated with chemotherapy for six months, then surgery to remove the tumor, then more chemotherapy for another one and half years.

4.04   Plaintiff contacted the HR Department to see how the short term and long term disability worked. Plaintiff informed HR Department that he had cancer and it would probably require radiation, chemo and surgery.

4.05   When Plaintiff spoke with HR he informed her that his one year anniversary was coming up on November 15, 2021. She advised Plaintiff not to schedule any surgeries until after November 15, 2021.

4.06   The chemo causes Plaintiff to be extremely nauseas and fatigued. Plaintiff suffered from mouth sores, hair loss and a severe sore throat. In addition, Plaintiff suffered from loss of sleep, loss of appetite, loss of focus and shortness of breath.

4.07   With all this Plaintiff was having difficultly working with newly appointed Team Lead Phil Wilson. Plaintiff called Michael Kovalcin (Plaintiff's Manager) on Friday, November 12, 2021 to discuss difficulties working with Phil Wilson. Michael said no problem, that he could move Plaintiff to the Deed Team because they needed help. Michael said he would have to confirm it with his supervisor, Melissa Broskey and let Plaintiff know by the end of the day or that Monday.

4.08   On November 15, 2021, while Plaintiff was on FMLA and he was in the hospital in the recovery room having just had a surgical procedure due to the cancer spreading to Plaintiff's liver.  Plaintiff received a phone call and voice mail from Ashley in the HR department at 9:47 a.m. asking Plaintiff to contact her.

4.09   Plaintiff received a second call and voicemail at 10:04 a.m. informing Plaintiff that this is her second attempt at contacting him and for Plaintiff to call her.

4.10   Plaintiff then received a third phone call and voicemail at 10:14 a.m. informing Plaintiff that this is her third attempt to contact Plaintiff.

4.11   Plaintiff called HR back later that day and they told him that he was being terminated.  Plaintiff received an email from Ashwini Pednekar, HR Business Partner, Mortgage Connect (Parent Company), that Plaintiff was being terminated.

4.12   Plaintiff received a termination packet at his home Tuesday morning, November 16, 2021, one day after his cancer surgery.

## V.

### FIRST COUNT

### FAMILY AND MEDICAL LEAVE ACT DISCRIMINATION, INTERFERENCE AND RETALIATION

5.01   The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02   Plaintiff had not yet returned to work from FMLA leave when Defendant fired her.

5.03     Defendant was subject to the provisions of the FMLA. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

5.04     As a result of the interference, discrimination, retaliation and termination by Defendant, Plaintiff has suffered significant financial loss, including backpay and front pay and the loss of benefits of her employment, including health insurance. Plaintiff is entitled to front pay and other equitable relief. Discrimination and retaliation were motivating factors in Plaintiff's termination.

5.05     The aforementioned acts were and are a willful violation of the FMLA, and entitle Plaintiff to recover damages as provided by 29 U.S.C. § 2617, including liquidated damages. Plaintiff further seeks reinstatement to her position or a comparable position with reinstatement of benefits and seniority time, and with appropriate injunctive relief.

5.06     As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief.

VI.

**SECOND COUNT**

**DISABILITY DISCRIMINATION, RETALIATION, HARASSMENT AND HOSTILE ENVIRONMENT IN VIOLATION OF THE ADAAA INCLUDING FAILURE TO ACCOMMODATE**

6.01.     The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein

6.02.   Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA); See 42 U.S.C. §§121102, 12111(8) as amended.  Plaintiff suffers from cancer.  Plaintiff was otherwise qualified to perform the essential functions of his position.

6.03   Plaintiff is an employee within the meaning of the ADAAA (see 42 U.S.C. §12111(4).

6.04   Defendant is an employer within the meaning of the ADAAA is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6.05   Defendant was subject to the provisions of the FMLA. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

6.06   Defendant violated the ADAAA by intentionally discriminating against Plaintiff on the basis of his disability.  Defendant's discriminatory acts include retaliation, harassment and hostile environment, denial of reasonable accommodations and termination.

6.07   Defendant discriminated against Plaintiff by discriminatory failure to accommodate by terminating Plaintiff when they learned of his cancer diagnosis.   (see 42 U.S.C. §§12111(9), 12112(b)(5)(A).)

6.08   Plaintiff timely filed with the Equal Employment Opportunity Commission and the Texas Human Rights Commission a charge of discrimination for disability and retaliation against Defendant. Plaintiff received notice of the Right to Sue from the E.E.O.C. within ninety (90) days of the filing of this Complaint. A copy of the Notice of the Right to Sue letter is attached hereto as **Exhibit A**.

6.09   As a result of Defendants' unlawful employment practices, Plaintiff has suffered

damages including lost wages, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and seeks to recover for those sums.

6.10   As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief.

## VII.

## JURY DEMAND

7.01   Plaintiff demands trial by jury on all issues raised by this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have the following relief against Defendant:

1. Judgment for back and front pay and all past and future lost benefits;

2. Judgment for actual damages in the amount of past and future lost earnings and benefits, and damages to past and future earnings capacity;

3. Compensatory damages for the humiliation, damage to reputation, mental and emotional distress, and pain and suffering Plaintiff has experienced and endured as a result of the discriminatory and retaliatory actions of Defendant;

4. Damages for past and future mental anguish and emotional distress and damages to reputation;

5. Exemplary damages in an amount determined by the trier of fact;

6. Prejudgment and postjudgment interest at the maximum legal rate;

7. Preliminary and permanent injunctive relief;

8. Attorney's fees;

9. Expert's fees;

10. All costs of court; and

11. Such other and further relief to which Plaintiff may be justly entitled.

Dated: May 25, 2023

                                          Respectfully submitted,

                                          **KILGORE & KILGORE, PLLC**

By: *W. D. Masterson*
                                          W.D. MASTERSON
                                          State Bar No. 13184000
                                          3141 Hood Street, Suite 500
                                          Dallas, TX  75219
                                          (214) 969-9099 - Telephone
                                          (214) 953-0133 - Fax
                                          wdm@kilgorelaw.com

                                          **ATTORNEYS FOR PLAINTIFF**
                                          **LEE D. MARTIN**